United States District Court
Southern District of Texas
**ENTERED**
May 10, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ASHLEY NICOLE HANNA, § <br> (BOP # 28294-078) § <br> § <br> Petitioner, § <br> § <br> vs. § <br> § <br> TONYA BENTON HAWKINS, Warden § <br> FPC Bryan, § <br> § <br> Respondent. § | CIVIL ACTION NO. H-22-2761 |

## MEMORANDUM OPINION AND ORDER

Federal inmate Ashley Nicole Hanna (BOP # 28294-078) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging the improper denial of time credits under the First Step Act. (Docket Entry No. 1). Warden Tonya Benton Hawkins has responded to the petition with a motion for summary judgment. (Docket Entry No. 12). Hanna has responded. (Docket Entry No. 16). Having reviewed the petition, the motion, the record, and the applicable law, the court grants Warden Hawkins's motion and dismisses Hanna's petition without prejudice. The reasons are explained below.

**I.  Background**

In March 2020, Hanna was sentenced to a 120-month prison sentence followed by 3 years of supervised release, based on a conviction for conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. *See United States v. Hanna*, No. 1:19-CR-14-MAC-ZJH, at Docket Entry Nos. 1, 287 and Minute Entries for 7/29/2019 and 3/26/2020 (E.D. Tex..); (Docket Entry No. 1 at 1).

On August 11, 2022, Hanna filed a petition for a writ of habeas corpus, seeking 2,795 days of "Earned Time Credits" under the First Step Act.[1] (Docket Entry No. 1 at 4, 17). Hanna contends that the credits should be applied to reduce her prison sentence. (*Id.* at 4). She alleges that the Bureau of Prisons improperly calculated the First Step Act Time Credits she has earned. (*Id.*). Hanna asserts that exhaustion of administrative remedies is not necessary in a habeas petition seeking First Step Act Time Credits. (*Id.* at 2–3). She claims that she has accumulated 2,795 days of credit, which she claims is "redeemable under [the] statute . . . for 1,397.5 days off" her "prison sentence, community confinement and/or supervised release." (*Id.* at 4, 8).

In Warden Hawkins's motion for summary judgment, she contends that the petition should be dismissed without prejudice because Hanna failed to exhaust her administrative remedies. (Docket Entry No. 12). Warden Hawkins submitted the affidavit of Alice Diaz-Hernandez, the Associate Warden in charge of the Administrative Remedy Program at Federal Prison Camp Bryan, along with documents setting out the Bureau of Prisons administrative remedy process. (*See* Docket Entry No. 13-1). Hanna submitted a Request for Administrative Remedy on August 15, 2022, requesting that the Bureau of Prisons apply her First Step Act Time Credits. (*Id.* at 3, 18). On September 8, 2022, the Warden's Office denied the request. (*Id.* at 3, 17). Hanna did not complete any other steps in the Administrative Remedy Process. (*Id.* at 3).

Also submitted with Warden Hawkins's motion is an affidavit of Rita Siler, the Case Management Coordinator at Federal Prison Camp Bryan, who has access to inmate records relating to the application of First Step Act Time Credits. (Docket Entry No. 13). In her affidavit, Siler identified the dates on which Hanna was eligible to receive First Step Act time credits and explains

---

[1] The parties refer to the time credits earned under the First Step Act as "Earned Time Credits." The Bureau of Prisons rules refer to the credits as "FSA Time Credits." The court uses "First Step Act Time Credits" in this opinion to refer to those credits earned under the First Step Act.

the calculation of those credits. (*Id.* at 3). Siler testified that as of October 9, 2022, Hanna has earned 295 days of First Step Act Time Credits. (*Id.*).

In her response, Hanna argues that she "attempt[ed] continually to exhaust BOP's administrative process." (Docket Entry No. 16 at 4). Hanna asserts that she has continued in the Administrative Remedy process by filing form BP-10 in September 2022 and form BP-11 in November 2022. (*Id.*).

## II. The Legal Standards

### A. The Summary Judgment Standard

Summary judgment is proper when the record shows that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (cleaned up). "The burden then shifts to the nonmovant to show the existence of a genuine fact issue for trial[.]" *Id.*

When determining whether factual disputes preclude summary judgment, the court views any disputed facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.") (citation omitted). This general rule "applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). The nonmoving party must point to record evidence that supports a conclusion that there are factual issues material to determining summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party may not rely on the allegations or denials in

3

pleadings or on her own unsubstantiated assertions to avoid summary judgment. *See Anderson*, 477 U.S. at 256; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### B. Pleadings from Self-Represented Litigants

Hanna is representing herself. Habeas petitions filed by self-represented litigants are not held to the same standards as pleadings filed by lawyers, and instead must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Even under a liberal construction, a self-represented litigant "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (footnotes omitted).

## III.  Discussion

Warden Hawkins argues that Hanna's habeas petition should be dismissed because she failed to fully exhaust the administrative remedies available to her through the Bureau of Prisons before filing her petition.

A prisoner must exhaust all available administrative remedies before challenging the administration of the sentence in a federal habeas petition. *See Gallegos-Hernandez v. United States,* 688 F.3d 190, 194 (5th Cir. 2012) (per curiam); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). A prisoner must "fairly present" all claims through all steps of the available administrative remedy process before pursuing federal habeas relief. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (citing *Picard v. Connor*, 404 U.S. 270, 275–76 (1971)). Prisoners who voluntarily stop pursuing their administrative remedies prematurely have not exhausted those remedies. *See Wright v.*

*Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Similarly, a prisoner who either starts or continues administrative remedy proceedings after filing the habeas petition has not exhausted. *See Cartwright v. Outlaw*, 293 F. App'x 324, 324 (5th Cir. 2008) (per curiam); *Little v. U.S. Parole Comm'n*, 67 F. App'x 241, 2003 WL 21108493, at *1 (5th Cir. Apr. 21, 2003) (per curiam) (finding that an administrative appeal filed "right after" a prisoner files his or her habeas petition did not satisfy the exhaustion requirement). When a prisoner fails to exhaust the available administrative remedies before filing a habeas petition, the petition is subject to dismissal. *See Fuller*, 11 F.3d at 62.

Relevant to a claim for First Step Act Time Credits, the Bureau of Prisons provides a four-step administrative remedy process through which prisoners can present a complaint. *See* 28 C.F.R. §§ 542.10–542.18.[2] In the first step, the prisoner uses a BP-8 form to present the issue to staff at the facility where he or she is housed. *See* 28 C.F.R. § 542.13(a). If the issue is not resolved to the prisoner's satisfaction, the second step is for the prisoner to file a formal Administrative Remedy Request with the warden using a BP-9 form. *See* 28 C.F.R. § 542.14(a). The warden has 20 days to respond to the request, which may be extended for an additional 20 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within that time, including any extension, the request is deemed denied. *Id.* If the prisoner is not satisfied, the prisoner can appeal to the Regional Director within 20 days of the warden's response using a BP-10 form. *See* 28 C.F.R. § 542.15(a). The Regional Director has 30 days to respond to the appeal, a period that may be extended once for another 30 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the appeal is viewed as denied. *Id.* If the prisoner is not satisfied with the Regional Director's response, the final step requires the

---

[2] Hawkins also provided documents about the administrative remedy process in the affidavit from Hernandez submitted with Hawkins's motion. (Docket Entry No. 13-1 at 5–12).

5

prisoner to appeal within 30 days of that response to the Office of General Counsel using a BP-11 form. *See* 28 C.F.R. § 542.15. That Office has 40 days in which to respond to the appeal, and this 40-day period may be extended once by 20 days. *See* 28 C.F.R. § 542.18. If the prisoner does not receive a response within the permitted time, including any extension, the appeal is viewed as denied. *Id.* The appeal to the Office of General Counsel is the final administrative appeal provided by the Bureau of Prisons. *Id.*

The evidence Warden Hawkins provided shows that Hanna failed to fully exhaust her administrative remedies before filing her habeas petition. Hanna filed the instant habeas petition on August 11, 2022, which was before she started any steps in the Administrative Remedy Process. (*See* Docket Entry No. 1 at 17). Hanna submitted a Request for Administrative Remedy on August 15, 2022. (Docket Entry No. 13-1 at 3). On September 8, 2022, the Warden's Office denied the request. (*Id.*).

Hanna has not satisfied her burden to show that there are factual disputes material to determining whether she properly and fully exhausted her available administrative remedies. Hanna failed to fairly present her claim through all steps of the administrative remedy process before filing her habeas petition. Her petition is dismissed without prejudice for lack of exhaustion.

## IV.     Conclusion

The court grants the respondent's motion for summary judgment, Docket Entry No. 12, and dismisses Hanna's petition without prejudice because she failed to exhaust her administrative remedies. The court denies as moot any remaining pending motions. No certificate of

appealability will be issued. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005) (per curiam); *Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000).

   SIGNED on May 10, 2023, at Houston, Texas.

                _____
                      Lee H. Rosenthal
                  United States District Judge